UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNIFER M. HURLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:17-CV-421-TLS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Jennifer M. Hurley seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability and disability insurance benefits. The Plaintiff argues that the Commissioner wrongfully denied her application and erred by failing to base the step five finding on substantial evidence where the vocational expert did not adequately describe his methodologies, failing to give good reasons for discounting the opinion of a treating physician, and failing to include appropriate mental limitations in the Plaintiff's residual functional capacity.

## BACKGROUND

On February 28, 2014, the Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on May 29, 2013. (R. at 20.) Her claims were denied initially on June 9, 2014, and upon reconsideration on August 20, 2014. (*Id.*) On May 4, 2016, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Scott B. Silver, a vocational expert (VE), also appeared and

testified at the hearing. (*Id.*) On September 8, 2016, the ALJ denied the Plaintiff's application, finding she was not disabled from her alleged onset date. (R. 20–37.) On August 9, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–3.)

On October 9, 2017, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has been unable to engage in SGA since her alleged disability onset date, May 29, 2013. (R. 22.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under § 404.1520(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including fibromyalgia, asthma/sinusitis, migraine headaches, obesity and sleep apnea, bilateral wrist pain due to carpal tunnel syndrome

(CTS)/ ulnar nerve compression, history of generalized abdominal pain with diverticulitis/chronic gastritis, and bipolar disorder and post-traumatic stress disorder (PTSD). (*Id.*) The ALJ found that these impairments significantly limited the Plaintiff's ability to perform the basic mental and physical demands of work. (*Id*.) The ALJ also found that the Plaintiff had diabetes but that this condition was non-severe. (R. 22–23.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 404.1520(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do physically, despite her limitations—to determine whether she can perform "past relevant work," § 404.1520(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 404.1520(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1. (R. 23–25.) The ALJ then found that the Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) in that she could:

> [L]ift carry, push and pull 20 pounds occasionally and ten pounds frequently; can sit, stand and walk for at least six hours out of an eight-hour workday[] but would need additional limitations as follows: she needs a sit/stand option (which allows for alternating between sitting and standing up to every 30 minutes, if needed, but the positional change will not render the individual off task); only occasional climbing or ramps and stairs, balancing, stooping, kneeling, crouching and crawling; never climbing ladders, ropes, or scaffolds; no forceful grasping or gripping with both hands; needs to avoid concentrated exposure to loud noise, bright/flashing lights, and pulmonary irritants (i.e., fumes, odors, dust, gases, poorly ventilated areas and chemicals). Mentally, the claimant is limited to

3

> understanding, remembering, in carrying out tasks consistent with unskilled work (defined as an occupations that can be fully learned within a short period of time of no more than 30 days, and requires little or no judgment to perform simple tasks), with the ability to sustain those tasks throughout the eight-hour workday without frequent redirection to tasks; no fast-paced work or work requiring a regimented pace of production; and only occasional interactions with others, including supervisors, coworkers and the general public.

(R. 25–26.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of her alleged onset date. The ALJ evaluated the objective medical evidence and the Plaintiff's subjective symptoms and found that the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (R. 29.) But, the ALJ found that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)

In looking to the objective medical evidence, the ALJ gave great weight to the opinions of the non-examining psychologists LML, Ph.D., and J. Gange, Ph.D., both Disability Determination Services Psychologists, and non-examining physicians Mary Lanette Rees, M.D., and M. Ruiz, M.D., both Disability Determination Services Physicians. (R. 32–34.) The ALJ reasoned that the opinions of Dr. LML and Dr. Gange were entitled to great weight because they were "well supported by explanation and by the medical evidence, and [they] reflect[] consideration of the entire medical records by . . . specialist[s] who [are] familiar with Social Security regulations. (R. 33.) As to the opinions of Dr. Rees and Dr. Ruiz, the ALJ reasoned that the opinions were "well supported by explanation and by the medical evidence." (R. 34–35.) The ALJ also stated: "The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision." (R. 35.)

4

The Plaintiff has past relevant work as a home housekeeper, waitress, nurse aide, home health aide, gas station cashier, production assembler, and hand packager. (*Id.*) The ALJ concluded that the Plaintiff was not capable of performing any past relevant work. (*Id.*) Relying on the VE's testimony, the ALJ found that, through the Plaintiff's last date insured, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (*Id.*) Ultimately, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act since her alleged onset date and was not entitled to disability insurance benefits. (R. 36–37.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–

400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. The Court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff argues that the Commissioner wrongfully denied her applications and erred by failing to base the step five finding on substantial evidence where the VE did not adequately describe his methodologies, failing to give good reasons for discounting the opinion of a treating physician, and failing to include appropriate mental limitations in the Plaintiff's RFC.

Both Drs. LML and Grange opined that the Plaintiff was moderately limited in her activities of daily living, her social functioning, and in her ability to maintain concentration, persistence and pace. (R. 32–33.) They also opined that the Plaintiff could understand, remember, and carry out simple, routine instruction and that she could relate to coworkers, supervisors and others in a superficial manner. (*Id.*) The Plaintiff's RFC limits her only to "occasional" interactions with others. The Plaintiff argues that the ALJ should have also included a limitation that she was limited to "superficial" interactions and that failure to do so requires remand. The Court agrees.

"'Occasional contact' goes to the quantity of time spent with the individuals, whereas 'superficial contact' goes to the quality of the interactions." *Wartak v. Colvin*, No. 2:14-CV-401, 2016 WL 880945, at *7 (N.D. Ind. Mar. 8, 2016). These limitations are not interchangeable, nor does one imply the other. Here, the ALJ "made no attempt to explain the basis of his decision to limit [the Plaintiff] to occasional interaction rather than superficial interaction, nor is it apparent from the record." *Gidley v. Colvin*, No. 2:12-CV-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013).

The Commissioner argues that the ALJ was not required to include every limitation contained within the psychologists' opinions and that the ALJ adequately discussed the Plaintiff's ability to interact with others. "While the ALJ was not required to adopt the state agency psychologist[s'] opinion[s] in [their] entirety, he was required to build a 'logical bridge from the evidence to his conclusion.'" *Mack v. Berryhill*, No. 16 CV 11578, 2018 WL 3533270, at *3 (N.D. Ill. July 23, 2018) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). "The medical opinion[s] to which he assigned great weight included a more restrictive limitation on [the Plaintiff's] social interaction." *Gidley*, 2013 WL 6909170, at *12. And, "[t]he ALJ did

not point to even one additional piece of evidence that contradicted [the] opinion[s], and the court cannot speculate as to the ALJ's reasons." *Id.*; *see also Eveland v. Berryhill*, No. 2:16-CV-203, 2017 WL 3600387, at *5 (N.D. Ind. Aug. 22, 2017) (finding fault where the ALJ did not explain why he limited the plaintiff to "occasional" contact when the expert opined that the plaintiff could engage in "superficial contact" on an "ongoing basis").

The limited discussion in the record of the Plaintiff's ability to interact with others does not suffice to build an accurate and logical bridge from the evidence to the ALJ's conclusions. There is no explanation as to why the ALJ accepted the limitation of "occasional interactions" but not "superficial interactions" from the psychologists' opinions. This is especially problematic where there are no contrary medical opinions of record and where the ALJ assigned the psychologists' opinion great weight due to how well they were supported by the other evidence of record and how well they explained their conclusions. *See Mack*, 2018 WL 3533270, at *3. ("This does not adequately explain why the ALJ's RFC differs from the state agency psychologist's RFC opinion when the ALJ gave great weight to his opinion as the only mental RFC in the record."). Therefore, the ALJ has failed to build a logical bridge between the evidence and his conclusions.

Because the Court is remanding on this issue, it need not consider the remainder of the parties' arguments. However, the Court is skeptical that ALJ sufficiently accounted for the Plaintiff's limitations related to her sleep apnea in the RFC, especially considering that the ALJ found it to be a severe impairment. On remand, the ALJ is encouraged to reconsider this issue.

8

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order.

SO ORDERED on September 5, 2018.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT